IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LEONARD G. HOROWITZ; SHERRI KANE, | ) ) ) | Civil NO. 13-00500 HG-BMK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| PAUL J. SULLA, JR.; SKY OF HAWAII AYAHUASCA CHURCH; JASON HESTER; JASON HESTER, OVERSEER REVITALIZE, A GOSPEL OF BELIEVERS; HERBERT M. RITKE; RONN RITKE; PHILLIP CAREY; LINCOLN S.T. ASHIDA; COUNTY OF HAWAII; JOHN DOES 1-100; STATE OF HAWAII; | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER GRANTING THE MOTIONS TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION FILED BY DEFENDANTS:**
    **(1)   STATE OF HAWAII (ECF No. 4);**
    **(2)   COUNTY OF HAWAII AND LINCOLN S.T. ASHIDA (ECF No. 11); and,**
    **(3)   PAUL J. SULLA, JR. (ECF No. 15), JOINED BY PHILLIP CAREY (ECF No. 16), JASON HESTER AND JASON HESTER AS OVERSEER FOR REVITALIZE, A GOSPEL OF BELIEVERS (ECF No. 17);**

**and**

**DISMISSING AS MOOT THE FOLLOWING MOTIONS:**
    **(1)   THE MOTIONS TO DISMISS FILED BY DEFENDANTS RONN RITKE (ECF Nos. 10, 36, 37) and HERBERT M. RITKE (ECF No. 20) and**
    **(2)   PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 40);**

**and**

**DISMISSING THE COMPLAINT (ECF No. 1) WITHOUT LEAVE TO AMEND**

1

On October 1, 2013, Plaintiffs Leonard G. Horowitz and Sherri Kane, appearing pro se, filed a 158-page document entitled "VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES" with 545 pages of exhibits attached.  The filing is difficult to decipher. Plaintiffs appear to be attempting to allege various claims connected to a transaction for land located on the Big Island of Hawaii.  Plaintiffs claim they own the Big Island property. Plaintiffs allege that the Defendants have illegally attempted to obtain the property on behalf of a competing religious organization.  Plaintiffs' filing contains a long list of ongoing disagreements they have with the various Defendants dating back to at least 2003.

Review of the Complaint revealed no discernable federal cause of action and no basis for diversity jurisdiction.  The Court issued an Order to Show Cause Why the Verified Complaint for Injunctive Relief and Damages Should Not Be Dismissed For Lack of Federal Jurisdiction.  Defendants State of Hawaii, County of Hawaii, Lincoln S.T. Ashida, and Paul J. Sulla, Jr. filed Motions to Dismiss for lack of subject matter jurisdiction.

The following Motions to Dismiss for lack of subject matter jurisdiction filed by Defendants **ARE GRANTED**:

1.   State of Hawaii (ECF No. 4);

2.   County of Hawaii and Lincoln S.T. Ashida (ECF No. 11); and,

3. Paul J. Sulla, Jr. (ECF No. 15), joined by Defendants Phillip Carey (ECF No. 16), Jason Hester and Jason Hester as Overseer for Revitalize, A Gospel of Believers (ECF No. 17).

The following motions **ARE DISMISSED AS MOOT:**

1. The Motions to Dismiss that do not address subject matter jurisdiction filed by Defendants Ronn Ritke (ECF Nos. 10, 36, 37) and Herbert M. Ritke (ECF No. 20) and

2. Plaintiffs' Motion for Partial Summary Judgment (ECF No. 40).

The Complaint (ECF No. 1) is **DISMISSED WITHOUT LEAVE TO AMEND** for lack of subject matter jurisdiction.

## PROCEDURAL HISTORY

On October 1, 2013, Plaintiffs Leonard G. Horowitz and Sherri Kane filed a document entitled "VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES." (ECF No. 1).

**Motions to Dismiss for Lack of Subject Matter Jurisdiction**

On October 18, 2013, Defendant State of Hawaii filed a Motion to Dismiss for lack of subject matter jurisdiction. (ECF No. 4).

On October 23, 2013, Defendants County of Hawaii and Lincoln

3

S.T. Ashida filed a Motion to Dismiss for lack of subject matter jurisdiction. (ECF No. 11).

On October 24, 2013, Defendant Paul J. Sulla, Jr. filed a Motion to Dismiss for lack of subject matter jurisdiction. (ECF No. 15).

Also on October 24, 2013, Defendants Phillip Carey, Jason Hester, and Jason Hester as Overseer for Revitalize, a Gospel of Believers filed Substantive Joinders to Paul J. Sulla, Jr.'s Motion to Dismiss. (ECF Nos. 16, 17).

**Order to Show Cause**

On October 30, 2013, the Court issued an ORDER TO SHOW CAUSE WHY VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES SHOULD NOT BE DISMISSED FOR LACK OF FEDERAL JURISDICTION. (ECF No. 18).

On November 27, 2013, Plaintiffs filed a Reply to the Order to Show Cause. (ECF No. 24).

On January 7, 2014, Defendant Paul J. Sulla, Jr. filed a Response to Plaintiffs' Reply to the Order to Show Cause. (ECF No. 43).

**Other Motions Filed**

On October 18, 2013, Defendant Ronn Ritke filed a Motion to Dismiss. (ECF No. 10).

On November 19, 2013, Defendant Herbert M. Ritke filed a

4

Motion to Dismiss.  (ECF No. 20).

On December 11, 2013, Defendant Ronn Ritke filed additional Motions to Dismiss.  (ECF Nos. 36, 37).

On December 27, 2013, Plaintiffs filed a document entitled "MOTION FOR PARTIAL SUMMARY JUDGMENT IN OPPOSITION TO DEFENDANT PAUL J. SULLA, JR.'S MOTION TO DISMISS THAT WAS JOINED BY DEFENDANTS CAREY, HESTER, AND THE 'CHURCH' DEFENDANTS." (ECF No. 40).

All Motions other than the ones challenging only subject matter jurisdiction were held in abeyance until the question of jurisdiction was resolved.  (ECF Nos. 18, 22, 39, 42).

There has been no filing indicating that Sky of Hawaii Ayahuasca Church has been served, nor has it appeared.  The 120-day period for service of the Complaint, pursuant to Federal Rule of Civil Procedure 4(m), has expired.

The Court elected to decide the matter without a hearing pursuant to Local Rule 7.2(d).

**BACKGROUND**

The Court has had great difficulty in attempting to discern Plaintiffs' Complaint.  The Complaint concerns a longstanding dispute between religious groups over property located on the Big Island of Hawaii.  Plaintiff Leonard G. Horowitz claims that he purchased the property in 2004 on behalf of a religious community

5

named "The Royal Bloodline of David." (Complaint at Ex. 7, p. 74, ECF No. 1).

The property has been the subject of various legal proceedings including a judicial foreclosure, a nonjudicial foreclosure, and an eviction proceeding.

Plaintiffs assert that they own the Big Island property and use it for religious purposes. Plaintiffs claim that Defendants have engaged in a conspiracy to illegally obtain the property for a competing religious organization with the name "Revitalize, a Gospel of Believers." Plaintiffs allege that Defendants Paul J. Sulla, Jr., Jason Hester, and Phillip Carey continue to harass them.

Plaintiffs claim that Defendants Lincoln S.T. Ashida, County of Hawaii, and State of Hawaii have failed to enforce the laws and protect Plaintiffs' property rights.

In the Complaint, Plaintiffs allege that the Defendants violated a number of federal and state criminal statutes. (Complaint at 6-9, ECF No. 1). The Complaint asserts that the Defendants committed a number of torts against Plaintiffs in their attempts to obtain the disputed Big Island property. (Id. at 24, 29).

Plaintiffs attached numerous filings from state court proceedings to the Complaint. The filings include a judicial foreclosure action filed on behalf of Revitalize, A Gospel of

6

Believers against Plaintiff Horowitz and The Royal Bloodline of David.  (See Exhibit 1 at pp. 1-16 attached to the Complaint, ECF No. 1).  Foreclosure was requested on the basis that The Royal Bloodline of David failed to provide property insurance.  (Id.)

The action proceeded before Judge Ronald Ibarra in the Circuit Court of the Third Circuit State of Hawaii, Case Civil No. 05-1-196.  The most recent appeal from an order of Judge Ibarra was dismissed by the Intermediate Court of Appeals of the State of Hawaii.  Jason Hester, et al v. Leonard George Horowitz, et al, 2014 WL 321964, *1 (Haw. Ct. App. Jan. 29, 2014) (finding that the third amended judgment fails to satisfy the requirements for an appealable final judgment).

## STANDARD OF REVIEW

Subject matter jurisdiction is conferred on federal courts either through diversity jurisdiction pursuant to 28 U.S.C. § 1332 or through federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

### Diversity Jurisdiction

Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in

controversy exceeds $75,000.  28 U.S.C. § 1332(a); <u>Caterpillar</u>
<u>Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996).  The burden of
establishing that diversity jurisdiction exists rests on the
party asserting it.  <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 96-97
(2010).

**Federal Question Jurisdiction**

Federal district courts are courts of limited jurisdiction.
They have no jurisdiction without specific constitutional or
statutory authorization.  <u>Exxon Mobil Corp. v. Allapattah Servs.</u>,
545 U.S. 546, 552 (2005).  A party invoking the federal court's
jurisdiction has the burden of proving the actual existence of
subject matter jurisdiction.  <u>Thompson v. McCombe</u>, 99 F.3d 352,
353 (9th Cir. 1996).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a case
must be dismissed for lack of subject matter jurisdiction when
the Court lacks a constitutional or statutory basis to adjudicate
the controversy.  Fed. R. Civ. P. 12(b)(1); <u>Leeson v.</u>
<u>Transamerica Disability Income Plan</u>, 671 F.3d 969, 975 (9th Cir.
2012).  Where the Court does not have federal subject matter
jurisdiction, claims may be dismissed *sua sponte*.  <u>Franklin v.</u>
<u>Murphy</u>, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); <u>see</u> Fed. R. Civ.
P. 12(h)(3).

8

A challenge to the Court's subject matter jurisdiction may be "facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction. Id. A facial challenge, therefore, mirrors a traditional motion to dismiss analysis. The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

A plaintiff properly invokes federal question jurisdiction by pleading a "colorable claim arising under the Constitution or laws of the United States." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). A claim is not colorable if: (1) the alleged claim under the Constitution or federal statutes appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous. Bell v. Hood, 327 U.S. 678, 682 (1946); Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) (finding that dismissal for lack of subject-matter jurisdiction is proper when the claim is insubstantial, implausible, foreclosed by prior decisions, or otherwise completely devoid of merit so as not to involve a federal controversy).

9

**ANALYSIS**

As Plaintiffs are proceeding pro se, the Court construes the Complaint liberally.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

## I.   LACK OF DIVERSITY JURISDICTION

The basis of diversity jurisdiction is found at Title 28 U.S.C. § 1332.  Section 1332(a)(1) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States."  28 U.S.C. § 1332(a)(1).  Section 1332(a) requires complete diversity.  <u>Id.</u>  "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  <u>Exxon Mobil Corp.</u>, 545 U.S. at 553.

The Complaint fails to establish that all of the Plaintiffs are of different state citizenship than all of the Defendants.  <u>Caterpillar</u>, 519 U.S. at 68.  The Complaint indicates that Plaintiff Horowitz is domiciled in Pahoa, Hawaii.  (Complaint at pp. 10, ECF No. 1).  Defendants Paul J. Sulla, Jr., Jason Hester, Herbert M. Ritke, Ronn Ritke, Phillip Carey, Lincoln S.T. Ashida, and the County of Hawaii are likewise citizens of Hawaii.  (<u>Id.</u>

10

at pp. 10-12).  Mr. Ashida is Corporation Counsel for the County of Hawaii.  Plaintiff Kane's residence in California does not provide a basis for diversity jurisdiction.  (Id. at pp. 10, 13).

The Court lacks subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a).

## II.  LACK OF FEDERAL QUESTION JURISDICTION

In their Reply to the Order to Show Cause, Plaintiffs Horowitz and Kane assert that jurisdiction is proper, pursuant to federal question jurisdiction, 28 U.S.C. § 1331. (ECF No. 24 at p. 3-28).

Federal question jurisdiction, pursuant to 28 U.S.C. § 1331, exists when a plaintiff's well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that a state law claim "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086-87 (9th Cir. 2009) (quoting Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)).

Plaintiffs' claims do not involve a federal question of law. The Complaint lists 18 claims for relief:

(1) "tort of conversion in conspiracy to deprive citizens' rights and properties";

(2) "slander of title";

(3) "malicious prosecution and abuse of process tort";

(4) "tortious interference with economic advantage";

(5) "tortious interference with consortium";

(6) "breach of contract";

(7) "breach of duty to protect/negligence/'duty-public duty doctrine' and/or 'failure to enforce' laws";

(8)"breach of standard of care/malpractice";

(9) "trespass to chattels";

(10) "tortious interference with prospective humanitarian (non-profit) commercial social service advantage";

(11) "defamation";

(12) "criminal negligence";

(13) "gross negligence";

(14) "intentional infliction of emotional distress";

(15) "negligent infliction of emotional distress";

(16) "fraud and/or misrepresentation";

(17) "comparative negligence, secondary liability and/or vicarious liability"; and

(18) "malicious prosecution (abuse of process)."


Plaintiffs' Complaint, viewed in a generous light, attempts

to allege various common law tort claims.  Plaintiffs' mere reference to federal law does not convert their state law claims into federal causes of action.  <u>Nevada v. Bank of America Corp</u>, 672 F.3d 661, 675 (9th Cir. 2012).

## A.   There Is No Subject Matter Jurisdiction Based on Plaintiffs' Public Minister Allegation

Plaintiff Horowitz asserts that the Court has jurisdiction because he is a "public minister."  (Reply to the Order to Show Cause, ECF No. 24 at p. 3).  Plaintiffs cite Article III, Section 2, of the United States Constitution, which provides that the United States Supreme Court has "original jurisdiction" concerning "Cases affecting Ambassadors, other public Ministers and Consuls."  (<u>Id.</u>)

Plaintiff Horowitz confuses his position as a leader of a religious organization with the meaning of "public Minister" in Article III of the Constitution.  Plaintiff Horowitz's position as a religious leader of The Royal Bloodline of David does not provide a federal court with jurisdiction over the claims.  <u>See Sulla v. Horowitz</u>, 12-cv-449SOM-KSC, 2012 WL 4758163, *3 (D. Haw. Oct. 4, 2012); <u>Living in Jesus Truth Ministry v. Wise</u>, 2012 WL 3222148, *5 (D. Nev. Aug. 3, 2012) (explaining that "public Ministers" refers to "public ministers of a foreign state"); <u>Derisme v. Hunt Leibert Jacobson, PC</u>, 2010 WL 3417857, *7 (D. Conn. Aug. 26, 2010) (finding that the plaintiff's claim that she

was a "public minister" based on her membership in a religious
group did not provide the district court with subject matter
jurisdiction).

B.      **There Is No Subject Matter Jurisdiction Based on
        Plaintiffs' Criminal Allegations**

1.      **Criminal Allegations Against Defendants Paul J.
        Sulla, Jr., Jason Hester, Herbert M. Ritke, Ronn
        Ritke, and Phillip Carey**

In the Complaint, Plaintiffs assert the Defendants Paul J.
Sulla, Jr., Jason Hester, Herbert M. Ritke, Ronn Ritke, and
Phillip Carey violated federal and state criminal statutes in
their attempts to obtain the disputed Big Island property.
(Complaint at pp. 24-47, ECF No. 1).

The majority of the criminal allegations are directed
against Defendant Paul J. Sulla, Jr. ("Defendant Sulla").   The
Complaint alleges that Defendant Sulla committed numerous crimes
including theft, trespass, harassment, conspiracy to steal land,
mail fraud, and extortion. (Complaint at pp. 24-47, ECF No. 1).

In their Reply to the Order to Show Cause, Plaintiffs allege
that Defendant Sulla has violated 21 U.S.C. § 856 by maintaining
drug-involved premises.  (Plaintiffs' Reply to the Order to Show
Cause at pp. 20-21, ECF No. 24).  Plaintiffs claim that Defendant
Sulla is involved with a religious organization that utilizes
controlled substances in its religious services.  (Id. at pp. 14-

14

16).

Plaintiffs, as private citizens, lack standing to bring claims under criminal statutes. <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973) (finding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); <u>Tia v. Criminal Investigation Demanded as Set Forth</u>, 441 Fed. Appx. 457, 458 (9th Cir. 2011) (holding that the district court properly denied Tia's request for a criminal investigation into the alleged RICO conspiracy because she lacked standing to compel an investigation or prosecution of another); <u>Larry v. Uyehara</u>, 270 Fed. Appx. 557, 558 (9th Cir. 2008) (finding that the district court "properly dismissed this action because Larry lacks standing to initiate a criminal prosecution").

>       **2.    Criminal Allegations Involving Defendants Lincoln
>              S.T. Ashida, the County of Hawaii, and the State
>              of Hawaii**

Plaintiffs cannot assert claims against Defendants Lincoln S.T. Ashida, the County of Hawaii, and the State of Hawaii based on the failure of local officials to enforce the criminal laws and protect Plaintiffs' property rights.

The United States Supreme Court has long recognized that the government's failure to protect an individual against private violence does not give rise to a claim against the state or local

authorities.   DeShaney v. Winnebago County Dept. Of Social

Services, 489 U.S. 189, 195 (1989) (holding that there is "no

affirmative right to governmental aid, even where such aid may be

necessary to secure life, liberty, or property interests of which

the government itself may not deprive the individual"); see

Elliot-Park v. Manglona, 592 F.3d 1003, 1006-07 (9th Cir. 2010).


**C.   Plaintiffs' Claims Against the Defendant State of
        Hawaii Are Barred by Eleventh Amendment Immunity**

The doctrine of sovereign immunity applies when civil rights

claims are brought against the State of Hawaii.   The State of

Hawaii has not waived its Eleventh Amendment immunity.

The doctrine of sovereign immunity is set out in the

Eleventh Amendment of the United States Constitution:

> The Judicial power of the United States shall not
> be construed to extend to any suit in law or
> equity, commenced or prosecuted against one of the
> United States by Citizens of another State, or by
> Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.   The United States Supreme Court has held

that Eleventh Amendment immunity extends to suits against a State

or its agencies by citizens of that same State.   Hans v.

Louisiana, 134 U.S. 1 (1890).

Sovereign immunity generally bars the federal courts from

entertaining suits brought against a State or its agencies,

unless a State waives immunity or Congress abrogates immunity

16

pursuant to § 5 of the Fourteenth Amendment to the United States Constitution.  L.A. Cnty. Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992); Wilbur v. Locke, 423 F.3d 1101, 1111 (9th Cir. 2005), *cert. denied* 546 U.S. 1173 (2006).

In order to waive sovereign immunity, a State's consent must be expressed unequivocally.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984).  The State of Hawaii has not waived its sovereign immunity from suit in federal court for civil rights actions.  See Linville v. State of Hawaii, 874 F.Supp. 1095, 1103 (D. Haw. 1994).  Here, the Defendant State of Hawaii has invoked the doctrine of sovereign immunity. (Defendant State of Hawaii's Motion to Dismiss, ECF No. 4 at p. 4-5).

Plaintiffs' claims against the Defendant State of Hawaii are barred because the Defendant State of Hawaii has not waived its Eleventh Amendment immunity.

### D.   Plaintiffs Fail to State a Colorable Claim Pursuant to 42 U.S.C. § 1985

A federal question is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous.  Anderson v. Babbitt, 230 F.3d 1158, 1163 (9th Cir. 2000).  A claim is "wholly insubstantial and frivolous" if the connection between the allegedly wrongful conduct and the deprivation of

constitutional rights is attenuated.  Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1343 (9th Cir. 1981).

A claim is frivolous when an essential element of the claim is not alleged in the complaint.  See id.; Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984); Ford v. Rawlinson, 2012 WL 3782455, *7 (D. Idaho Aug. 30, 2012) (finding the plaintiff's Section 1985 claim was insufficient to support federal jurisdiction when the plaintiff did not allege any discriminatory animus in his complaint).

The Complaint cites 42 U.S.C. § 1985 and alleges that Defendants conspired to deprive Plaintiffs Horowitz and Kane of their civil rights.  (Complaint at pp. 24-25, ECF No. 1). Plaintiffs' 42 U.S.C. § 1985(3) claim is not colorable. Franklin, 662 F.2d at 1345 n.8.

To bring a cause of action pursuant to Section 1985(3), a plaintiff must allege:

> (1) a conspiracy;
>
> (2) for the purpose of depriving any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and
>
> (3) an act in furtherance of this conspiracy;
>
> (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1535 (9th Cir.

1992).  A plaintiff must show "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  Id. (quoting Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971)).

The term class "unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the §1985(3) defendant disfavors."  Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 269 (1993).

To the extent Plaintiffs attempt to state a Section 1985 conspiracy between the private Defendants and the government Defendants, the claim fails.  Caldeira v. County of Kauai, 866 F.3d 1175, 1181-82 (9th Cir. 1989).  The facts in the Complaint, even when construed liberally in Plaintiffs' favor, do not show "an agreement or 'meeting of the minds' by Defendants to violate [Plaintiffs'] constitutional rights."  Id.  Plaintiffs also cannot state a colorable conspiracy claim pursuant to Section 1985 in the absence of a claim for deprivation of rights pursuant to Section 1983.  Id. (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations").

The Complaint does not make clear how the two Plaintiffs can be seen as members of a protected class for purposes of a Section 1985 claim.  The two Plaintiffs do not specify how they qualify as a class to which the protections of Section 1985(3) apply.

19

<u>Orin v. Barclay</u>, 272 F.3d 1207, 1217 (9th Cir. 2001).  Plaintiffs
have presented no case law or other authority extending Section
1985 to situations involving religious discrimination.  See <u>Foley</u>
<u>v. Pont</u>, 2013 WL 1010320, *11 (D. Nev. Mar. 13, 2013) (finding
that any harm caused to plaintiff on the basis of his religion is
not actionable under Section 1985(3)).

Plaintiffs fail to state sufficient facts that Defendants
acted with class-based animus.  <u>Franklin</u>, 662 F.2d at 1345 n.8
(finding that the district court did not have jurisdiction to
consider the section 1985 claim because the plaintiff failed to
allege that the defendants were motivated by some racial, or
perhaps otherwise class-based, invidiously discriminatory
animus).  The Complaint appears to allege the Defendants were
motivated by a desire to gain property and other economic
prospects.  <u>Sever</u>, 978 F.2d at 1536 (concluding that the
plaintiff had not alleged a section 1985(3) claim when the
defendants were motivated to harm the plaintiff because his
conduct damaged their economic prospects); <u>United Brotherhood of</u>
<u>Carpenters and Joiners of America v. Scott</u>, 463 U.S. 825, 828
(1983) (finding that Section 1985(3) does not "reach conspiracies
motivated by economic or commercial animus").

Plaintiffs fail to state a colorable claim that Defendants
conspired to violate their civil rights.  <u>Anderson</u>, 230 F.3d at
1163 (stating that the plaintiff must allege sufficient facts to

20

state a violation of federal law to provide subject matter
jurisdiction).

### E.   Plaintiffs Fail to State a Colorable Claim Pursuant to 42 U.S.C. § 1986

Plaintiffs claim that Defendants Lincoln S.T. Ashida, the
County of Hawaii, and the State of Hawaii neglected their duties
to protect Plaintiffs' rights from the conspiracy. (Complaint at
pp. 31, 45-46). It appears that Plaintiffs attempt to state a
claim pursuant to 42 U.S.C. § 1986 for the purposes of obtaining
federal jurisdiction.

A colorable claim for a violation of 42 U.S.C. § 1986 can be
stated only if the complaint states a valid claim for a violation
of 42 U.S.C. § 1985. Karim-Panahi v. Los Angeles Police Dep't,
839 F.2d 621, 626 (9th Cir. 1988). Plaintiffs failed to state a
valid Section 1985 claim, and as a result the claim pursuant to
Section 1986 fails. Id.; see Wisdom v. Katz, 308 Fed. Appx. 120,
121 (9th Cir. 2009).

### F.   Plaintiffs Fail to State Any Other Colorable Federal Question Claims

Plaintiffs characterize some additional claims as federal
question claims in their Reply to the Order to Show Cause for the
purposes of obtaining federal jurisdiction. The Reply contains
references to the "Federal Whistleblowers Protection Program,"

"unfair competition and trademark conversions," "antitrust violations," and "national security interests." (ECF No. 24 at pp. 11-28).

Plaintiffs rambling general statements do not allege sufficient, specific facts to allow the Court to understand their allegations. There is no way of understanding the relevant circumstances surrounding the claims regarding the Central Intelligence Agency and national security, whistleblowing, potential trademark filings, and antitrust protection. These allegations may actually refer to parties who are not named in the lawsuit. The scattered, disjointed writing does not make it possible to discern what these claims actually are and how they relate to the named Defendants.

Plaintiffs' claims are wholly insubstantial and do not provide the Court with subject matter jurisdiction. Steel Co., 523 U.S. at 89.

The Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

The following Motions to Dismiss for lack of subject matter jurisdiction filed by Defendants **ARE GRANTED**:

1.    State of Hawaii (ECF No. 4);

2.    County of Hawaii and Lincoln S.T. Ashida (ECF No. 11); and,

3.    Paul J. Sulla, Jr. (ECF No. 15), joined by Phillip

22

Carey (ECF No. 16), Jason Hester and Jason Hester as

Overseer for Revitalize, a Gospel of Believers (ECF No.

17).

## III. PLEADING REQUIREMENTS PURSUANT TO FED. R. CIV. P. 20(a)(2)

The Complaint fails to satisfy the pleading requirements for
joining multiple defendants in a single suit, set forth in
Federal Rule of Civil Procedure 20(a)(2).  Rule 20(a)(2) provides
that a plaintiff may join multiple defendants in a single lawsuit
if: (1) a right to relief is asserted against each defendant that
relates to or arises out of the same transaction or occurrence or
series of transactions or occurrences; and (2) some question of
law or fact common to all parties arises in the action.  Fed. R.
Civ. P. 20(a)(2).  Unrelated claims involving different
defendants concerning a variety of different occurrances belong
in different suits.  Bathke v. Brown, No. 13-CV-15406, 2013 WL
6405839 (9th Cir. Dec. 9. 2013); Tomel v. Hawaii, No. 12-CV-
00047LEK, 2012 WL 3262973, *2 (D. Haw. Aug. 9, 2012).

Many of Plaintiffs' claims against the nine different
Defendants appear to be unrelated and cannot be alleged in a
single suit.

## IV.  LACK OF SUPPLEMENTAL JURISDICTION

Plaintiffs appear to request that the Court take

23

supplemental jurisdiction over their state law claims.  (Reply to the Order to Show Cause at p. 6, ECF No. 24).

28 U.S.C. § 1367(a) provides:

Except as provided in subsections (b) or c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

There can be no supplemental jurisdiction over state law claims unless there was an initial basis for federal jurisdiction.  Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).  When a federal district court dismisses a case for lack of subject matter jurisdiction, there is no valid claim within the court's original jurisdiction to trigger 18 U.S.C. § 1367(a)'s grant of supplemental jurisdiction over state law claims.  Arbaugh, 546 U.S. 500, 514 (2006);.

Plaintiffs' case is dismissed for lack of subject matter jurisdiction.  The Court does not have authority to exercise supplemental jurisdiction because there was no original claim to which the remaining state law claims may be supplemental. Arbaugh, 546 U.S. at 514 n.11; Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 664 (9th Cir. 2010) (finding there is no discretion to retain supplemental jurisdiction over state law claims when the federal district court lacked subject matter

jurisdiction).

## V.    PARTIES' ADDITIONAL FILINGS

A number of other motions were filed in addition to the motions to dismiss for lack of subject matter jurisdiction.

In response, on October 30, 2013, the Court issued an Order to Show Cause Why Verified Complaint for Injunctive Relief and Damages Should Not Be Dismissed for Lack of Federal Jurisdiction. (ECF No. 18).  The Court ordered that all other motions be held in abeyance until the issue of federal jurisdiction was resolved. Id.

### 1.    Motions to Dismiss Not Addressing Subject Matter Jurisdiction

Defendant Ronn Ritke filed three Motions to Dismiss that did not address subject matter jurisdiction.  On October 18, 2013, Defendant Ronn Ritke filed the first Motion to Dismiss.  (ECF No. 10).  Following the Order to Show Cause, Defendant Ronn Ritke filed two additional Motions to Dismiss on December 11, 2013. (ECF Nos. 36, 37).  On December 16, 2013, the Court issued an Order which held the Motions in abeyance until the question of jurisdiction was resolved.  (ECF No. 39).

on November 19, 2013, Defendant Herbert M. Ritke filed a Motion to Dismiss that did not address subject matter jurisdiction.  (ECF No. 20).  On November 22, 2013, the Court held the Motion in abeyance until the question of jurisdiction

was resolved.  (ECF No. 22).

The granting of the Motions to Dismiss for lack of subject matter jurisdiction renders the issues raised by Defendant Ronn Ritke and Herbert M. Ritke's Motions to Dismiss moot.

The Motions to Dismiss filed by Defendants Ronn Ritke (ECF Nos. 10, 36, 37) and Herbert M. Ritke (ECF No. 20) are **DISMISSED AS MOOT**.

### 2.    Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs filed a document entitled "MOTION FOR PARTIAL SUMMARY JUDGMENT IN OPPOSITION TO DEFENDANT PAUL J. SULLA, JR.'S MOTION TO DISMISS THAT WAS JOINED BY DEFENDANTS CAREY, HESTER, AND THE 'CHURCH' DEFENDANTS."  (ECF No. 40).

On January 1, 2014, the Court ordered that the motion be held in abeyance until the issue of federal jurisdiction was resolved.  (ECF No. 42).

The Court's finding that there is no subject matter jurisdiction renders the issues raised by Plaintiffs' Motion moot.

Plaintiffs' Motion for Partial Summary Judgment (ECF No. 40) is **DISMISSED AS MOOT**.

### 3.    Defendant Sulla's Request to Strike Statements from Plaintiffs' Reply to the Order to Show Cause and to Impose Sanctions Against Defendants

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P.

12(f).  Motions to strike are not favored by courts in the absence of prejudice.  <u>Wailua Ass'n v. Aetna Casualty & Surety Co.</u>, 183 F.R.D. 550, 553 (D. Haw. 1998).

On January 7, 2014, Defendant Sulla filed a Response to the Plaintiffs' Reply to the Order to Show Cause.  (ECF No. 43).  In his Response, Defendant Sulla claims that Plaintiffs made unsubstantiated allegations that he committed "criminal wrongdoing" and "perjury."  (<u>Id.</u> at 10).  Defendant Sulla requests that the Court strike the allegedly defamatory statements from their Reply.  (<u>Id.</u> at pp. 9-11).

The Court declines to strike the statements in Plaintiffs' Reply from the record.  Defendant Sulla has not demonstrated that Plaintiffs' allegations prejudice him given that the case is dismissed.  <u>See Wailua Ass'n</u>, 183 F.R.D. at 553 (D. Haw. 1998) (explaining that the rationale behind granting a motion to strike is to avoid prejudice to a party by preventing a jury from seeing the offensive matter).

Defendant Sulla also requests that Plaintiffs be sanctioned "to discourage further misuse of the federal courts and harassment of Defendants."  (<u>Id.</u> at p. 9).

Federal Rule of Civil Procedure 11 provides for sanctions "when a filing is frivolous, legally unreasonably, without factual foundation, or is brought for an improper purpose." <u>Estate of Blue v. County of Los Angeles</u>, 120 F.3d 982, 985 (9th

27

Cir. 1997).  A court may also impose sanctions under its inherent power for conduct taken in bad faith.  Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001).  The bad faith requirement is a "high threshold."  Mendez v. County of San Bernadino, 540 F.3d 1109, 1132 (9th Cir. 2008).

Although Rule 11 permits the imposition of sanctions against pro se litigants, "due consideration" must be given to the litigant's pro se status in assessing whether to impose sanctions.  Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1037 n.13 (9th Cir. 1985).

The Court declines to impose sanctions against Plaintiffs considering their pro se status.  The record does not unambiguously demonstrate that Plaintiffs acted in bad faith or filed the Complaint for the purpose of harassing Defendants. See Maxwell v. Deutsche Bank National Trust Co., 2014 WL 296873, *2 (N.D. Cal. Jan. 27, 2014) (declining to impose sanctions against a pro se litigant despite the failure to show any cognizable claim for relief).

**VI. DISMISSAL WITHOUT LEAVE TO AMEND**

The Court is aware of the importance of notifying a pro se litigant of the deficiencies in his or her complaint and affording an opportunity to amend prior to dismissal of an

28

action.  Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).  Leave to amend should be denied, however, where amendment would be futile.  Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Plaintiffs have already submitted more than 1000 pages of filings.  Plaintiffs' pleadings are rambling and difficult to decipher.  Review of all of the filings has not provided any support for a federal cause of action.  Amendment of the Complaint would be futile.

The Complaint (ECF No. 1) is **DISMISSED WITHOUT LEAVE TO AMEND** for lack of subject matter jurisdiction.

## CONCLUSION

The following Motions to Dismiss for lack of subject matter jurisdiction filed by Defendants **ARE GRANTED**:

1.   State of Hawaii (ECF No. 4);

2.   County of Hawaii and Lincoln S.T. Ashida (ECF No. 11); and,

3.   Paul J. Sulla, Jr. (ECF No. 15), joined by Phillip Carey (ECF No. 16), Jason Hester and Jason Hester as Overseer for Revitalize, a Gospel of Believers (ECF No. 17).

The following motions **ARE DISMISSED AS MOOT**:

29

1.   The Motions to Dismiss that do not address subject matter jurisdiction filed by Defendants Ronn Ritke (ECF Nos. 10, 36, 37) and Herbert M. Ritke (ECF No. 20) and

2.   Plaintiffs' Motion for Partial Summary Judgment (ECF No. 40).

The Complaint (ECF No. 1) is **DISMISSED WITHOUT LEAVE TO AMEND** for lack of subject matter jurisdiction.

The Clerk of the Court is ordered to close the case.

Dated:    March 14, 2014, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

Leonard G. Horowitz; Sherri Kane v. Paul J. Sulla, Jr.; Sky Of Hawaii Ayahuasca Church; Jason Hester; Jason Hester, Overseer Revitalize A Gospel Of Believers; Herbert M. Ritke; Ronn Ritke; Phillip Carey; Lincoln S.T. Ashida; County Of Hawaii; John Does 1-100; State Of Hawaii; Civil No. 13-00500 HG-BMK; **ORDER GRANTING THE MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION FILED BY DEFENDANTS: (1) STATE OF HAWAII (ECF No. 4), (2) COUNTY OF HAWAII AND LINCOLN S.T. ASHIDA (ECF No. 11); and (3) PAUL J. SULLA, JR. (ECF No. 15), JOINED BY PHILLIP CAREY (ECF No. 16), JASON HESTER AND JASON HESTER AS OVERSEER FOR REVITALIZE, A GOSPEL OF BELIEVERS (ECF No. 17); and DISMISSING AS MOOT THE FOLLOWING MOTIONS: (1) THE MOTIONS TO DISMISS FILED BY DEFENDANTS RONN RITKE (ECF Nos. 10, 36, 37) and HERBERT M. RITKE (ECF No. 20) and (2) PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 40); and DISMISSING THE COMPLAINT (ECF No. 1) WITHOUT LEAVE TO AMEND**